**F I L E D**
United States Court of Appeals
Tenth Circuit

NOV 13 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PRIMA OIL & GAS COMPANY,

      Plaintiff,

  and

TED'S FACTORING SERVICE;
SR & COMPANY, LLC; FIRST
INTERSTATE BANK OF
COMMERCE,

      Defendants,

E-Z CASH, LLC,

      Intervenor-Appellant,

v.

UNITED STATES OF AMERICA,

      Intervenor-Appellee.

No.  02-8107
(D.C. No. 02-CV-5-D)
(D. Wyo.)

ORDER AND JUDGMENT   *

Before **PORFILIO** and **BALDOCK** , Circuit Judges, and   **BRORBY** , Senior
Circuit Judge.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The question in this interpleader action is whether the district court correctly determined that intervenor-appellant E-Z Cash had failed to perfect its writ of garnishment properly before the filing of the federal tax lien and that therefore the United States had priority over E-Z Cash in the interpleaded funds of the taxpayer. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the district court's judgment resolves questions of law, our review is de novo. *See Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1095 (10th Cir. 2003).

We take the facts from the district court's order to distribute funds:

BACKGROUND

This dispute arises due to the construction of a pipeline in Campbell County, Wyoming. On October 1, 2000, the Plaintiff, Prima Oil & Gas Inc. (Prima), entered into a construction contract with SR & Company, LLC (SR & Company), whereby SR & Company agreed to perform various services associated with building the pipeline. As a result of their work, SR & Company generated a number of invoices. Prima owed SR & Company for those invoices totaling approximately $238,792.59. In June 2000, SR & Company informed Prima to pay funds due and owing to Ted's Factoring

Service.  Prima complied with these instructions and made a number of payments to Ted's Factoring Service.

Beginning in August 2001, Prima began to receive notice from other parties making claims on SR & Company's accounts receivable. Specifically, Prima received a letter from Daniel Bailey notifying Prima of pending litigation, and notification of a temporary restraining order prohibiting SR & Company from transferring assets outside the ordinary course of business.  Prima then received correspondence from First Interstate Bank detailing the fact that SR & Company had defaulted on a number of loans.  In addition, Prima also received a demand from SR & Company that funds should once again be paid directly to the company instead of Ted's Factoring Service.  As a result of these competing claims, Prima filed a complaint requesting interpleader.

The entire amount due and owing SR & Company was deposited by Prima with this Court on November 13, 2001.  Answers claiming entitlement to the interpleader fund were filed by: Ted's Factoring Service; E-Z Cash; First Interstate Bank; Farmers Cooperative Ass'n; and the Internal Revenue Service.  On October 9, 2002, this Court granted Prima's interpleader request.  On October 16, 2002, the Court released $102,701.54 to First Interstate Bank as a result of the filed stipulation among all the parties.  With accrued interest, this left approximately $140,062.04 in the interpleader fund.

The remaining issues in this case revolve around to the relative priorities of the outstanding claims to the remaining funds, specifically the priority between the United States (IRS) and E-Z Cash.  As of October 16, 2002, the IRS claims that it is owed $141,038.49 and E-Z Cash claims that it is owed $49,705.70. The relevant facts concerning the specific dispute between the IRS and E-Z Cash are as follows:

E-Z Cash obtained a default judgment against SR & Company from the Campbell County District Court on July 30, 2001.  On October 18, 2001, E-Z Cash requested a writ of garnishment from that court against Prima.  The writ of garnishment was issued on October 24, 2001.  The attorney for E-Z Cash sent a copy of the garnishment order by first class mail to Thomas Reese, the registered

agent for Prima, with a cover memo requesting that Reese execute the acknowledgment of service and mail it back. The garnishment order and acknowledgment memo were received by Reese's law firm on October 26, 2001. On November 5, 2001, Reese executed the acknowledgment of service memo, however, no time is listed and Reese is unable to recall when he signed the acknowledgment. At 4:00 p.m. on November 5, 2001, the IRS filed a Notice of Federal Tax Lien (NFTL) with the Wyoming Secretary of State. The tax lien against SR & Company attached to the assets at that time.

Aplt. App. at 73-75.

The district court then determined that "the real issue in this case becomes what constitutes effective service of a writ of garnishment in Wyoming?" *Id.* at 76. Ultimately, the district court ruled that Wyoming law prescribes that a writ of garnishment be served in the same fashion as a summons. *See* Wyo. Stat. Ann. § 1-15-409(a); Aplt. App. at 76-77. Service of a summons in turn, is governed by Wyo. R. Civ. P. 4, which requires either personal service or an explicit waiver of service. *Id.* at 77. First class mail is not personal service, nor did the acknowledgment memo sent to Prima's agent contain an explicit statement advising of the consequences of failing to waiver service. *See* Wyo. R. Civ. P. 4(o). Thus, the court held, E-Z Cash's service was ineffective and its judgment lien was not perfected before 4:00 p.m. on November 5, 2001, the point at which the IRS's federal tax lien took effect. Aplt. App. at 77.

To counter this logical interpretation of the applicable statute and rules, E-Z Cash argues that the writ of garnishment mailed to Prima and received by

Prima on October 26, 2001, "resulted in an attachment of the funds on the date of the mailing to Prima rather than on the date of indicated acceptance." Aplt. Opening Br. at 5. This is incorrect.

The requirements for service of a writ of garnishment clearly specify that the writ shall be served in the same manner as a summons. A summons under Wyo. R. Civ. P. 4 may be served in person, or under certain circumstances not at issue here, by publication. Waiver of service may be obtained by mail as outlined in Wyo. R. Civ. P. 4(o). Rule 4(o)(2)(D) contains specific requirements for requesting waiver of service, including both the request for such waiver and a textual statement "prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request." The form referenced provides that the cost of service will be avoided if a signed copy of the waiver is returned within thirty days and that if the signed waiver is not returned, appropriate steps will be taken "to effect formal service in the manner authorized by the Wyoming Rules of Civil Procedure." Form 1-A, Wyo. R. Civ. P., App. of Forms. E-Z Cash's "Enclosure and Forwarding Memo" recited, "I have enclosed a *Writ of Garnishment* together with an *Acceptance of Service*. Would you please sign the Acceptance and return it to my office in the enclosed self-addressed, stamped envelope. Thank you for your assistance." Aplt. App. at 86. This clearly does not comply with Rule 4(o).

For these reasons, we agree with the district court that E-Z Cash's attempted service was ineffective. Moreover, even if the signed acceptance of service rectified that ineffectiveness, there is no indication that the acceptance was signed prior to 4:00 p.m. on November 5, 2001, the point at which the IRS's federal tax lien was perfected.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge